Behrooz Shariati (State Bar. No. 174436)
bshariati@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone:   (650) 739-3939
Facsimile:   (650) 739-3900

*Attorneys for Plaintiff, Xilinx, Inc.*

ORIGINAL FILED

FEB 14 2011

Richard W. Wieking
Clerk, U.S. District Court
Northern District of California
San Jose

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

XILINX, INC.,

   Plaintiff,

v.

INVENTION INVESTMENT FUND I LP,
INVENTION INVESTMENT FUND II LLC,
INTELLECTUAL VENTURES LLC,
INTELLECTUAL VENTURES MANAGEMENT LLC,
INTELLECTUAL VENTURES I LLC,
INTELLECTUAL VENTURES II LLC,

   Defendants.

Case No. CV11-0671 LB

**COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT AND INVALIDITY**

**DEMAND FOR JURY TRIAL**

Xilinx, Inc. ("Xilinx" or "Plaintiff"), by and through its undersigned counsel, complains against Invention Investment Fund I LP, Invention Investment Fund II LLC, Intellectual Ventures LLC, Intellectual Ventures Management LLC, Intellectual Ventures I LLC, Intellectual Ventures II LLC, as follows:

## NATURE OF THE ACTION

1. This is an action for declaratory judgment of patent non-infringement, invalidity, and unenforceability arising under the patent laws of the United States, Title 35 of the United States Code.

## THE PARTIES

2. Plaintiff, Xilinx, is a Delaware corporation with its principal place of business at 2100 Logic Drive, San Jose, California 95124. Xilinx is engaged in the business of designing, developing, and marketing complete programmable logic solutions, including advanced integrated circuits, software design tools, predefined system functions delivered as intellectual property cores, design services, customer training, field engineering, and customer support.

3. On information and belief, Defendants, Invention Investment Fund I LP, is a Delaware limited partnership, and Invention Investment Fund II LLC, Intellectual Ventures LLC, Intellectual Ventures Management LLC, Intellectual Ventures I LLC, Intellectual Ventures II LLC, and are Delaware limited liability companies each with their principal place of business 3150 139th Avenue SE, Building 4, Bellevue, Washington 98005.

4. On information and belief, each of the Defendants is in the business of acquiring and licensing patents and patent portfolios. Upon information and belief, each of the Defendants is otherwise subject to the jurisdiction of this Court. Throughout this complaint, the defendants are collectively referred to as "IV".

## JURISDICTION AND VENUE

5. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, under the patent laws of the United States, Title 35 of the United States Code. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202.

6. This Court has personal jurisdiction over Defendants by virtue of their sufficient minimum contacts with this forum as a result of the business they conduct within the State of California and within the Northern District of California.

7. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

## INTRADISTRICT ASSIGNMENT

8.  For purposes of intradistrict assignment pursuant to Civil Local Rules 3-2(c) and 3-5(b), this Intellectual Property Action is to be assigned on a district-wide basis.

## THE PATENTS-IN-SUIT

9.  The United States Patent and Trademark Office (the "USPTO") issued United States Patent No. 5,524,251 ("the '251 patent"), entitled "Microcomputer having ALU Performing Min and Max Operations," on June 4, 1996

10. The USPTO issued United States Patent No. 5,687,325 ("the '325 patent"), entitled "Application Specific Field Programmable Gate Array," on November 11, 1997. On December 8, 2010, Intellectual Ventures II, LLC alleged infringement of the '325 patent by Altera Corporation, Microsemi Corporation, and Lattice Semiconductor Corporation in case 1:10-cv-01065 filed in the District of Delaware.

11. The USPTO issued United States Patent No. 5,751,736 ("the '736 patent"), entitled "Testable Electronic System," on May 12, 1998.

12. The USPTO issued United States Patent No. 5,887,165 ("the '165 patent"), entitled "Dynamically Reconfigurable Hardware System for Real-time Control of Processes," on March 23, 1999.

13. The USPTO issued United States Patent No. 6,252,527 ("the '527 patent"), entitled "Interface Unit for Serial-to-Parallel Conversion and/or Parallel-to-Serial Conversion," on June 26, 2001.

14. The USPTO issued United States Patent No. 6,260,087 ("the '087 patent"), entitled "Embedded Configurable Logic ASIC," on July 10, 2001 On December 8, 2010, Intellectual Ventures II, LLC alleged infringement of the '325 patent by Altera Corporation, Microsemi Corporation, and Lattice Semiconductor Corporation in case 1:10-cv-01065 filed in the District of Delaware.

15. The USPTO issued United States Patent No. 6,272,646 ("the '646 patent"), entitled "Programmable Logic Device Having an Integrated Phase Lock Loop," on August 7, 2001. On December 8, 2010, Intellectual Ventures II, LLC alleged infringement of the '325

patent by Altera Corporation, Microsemi Corporation, and Lattice Semiconductor Corporation in case 1:10-cv-01065 filed in the District of Delaware.

16. The USPTO issued United States Patent No. 6,321,331 ("the '331 patent"), entitled "Real Time Debugger Interface for Embedded Systems," on November 20, 2001.

17. The USPTO issued United States Patent No. 6,408,415 ("the '415 patent"), entitled "Test Mode Setup Circuit for Microcontroller Unit," on June 18, 2002.

18. The USPTO issued United States Patent No. 6,687,865 ("the '865 patent"), entitled "On-Chip Service Processor for Test and Debug of Integrated Circuits," on February 3, 2004.

19. The USPTO issued United States Patent No. 6,698,001 ("the '001 patent"), entitled "Method for Generating Register Transfer Level Code," on February 24, 2004.

20. The USPTO issued United States Patent No. 6,747,350 ("the '350 patent"), entitled "Flip Chip Package Structure," on June 8, 2004.

21. The USPTO issued United States Patent No. 6,768,497 ("the '497 patent"), entitled "Elastic Presentation Space," on July 27, 2004.

22. The USPTO issued United States Patent No. 6,993,669 ("the '669 patent"), entitled "Low Power Clocking Systems and Methods," on January 31, 2006. On December 8, 2010, Intellectual Ventures I, LLC alleged infringement of the '325 patent by Altera Corporation and Lattice Semiconductor Corporation in case 1:10-cv-01065 filed in the District of Delaware.

23. The USPTO issued United States Patent No. 7,080,301 ("the '301 patent"), entitled "On-Chip Service Processor," on July 18, 2006.

24. The USPTO issued United States Patent No. 7,100,061 ("the '061 patent"), entitled "Adaptive Power Control," on August 29, 2006.

**FIRST COUNT**

**(Declaratory Judgment of Non-Infringement of the '251 Patent)**

25. The allegations contained in paragraphs 1 through 24 are incorporated by reference as if fully set herein.

26. IV claims to be the owner and assignee of all rights, title, and interest in and under the '251 patent.

27. IV has accused Plaintiff of infringing the '251 patent through its manufacture, sale, use, and/or importation of certain integrated circuits, and has asserted that Plaintiff must take a license to the '251 patent to lawfully continue the manufacture, sale, use, and/or importation of these integrated circuits.

28. Plaintiff has informed IV that Plaintiff contends that it has the right to engage in the manufacture, sale, use, and/or importation of these integrated circuits without a license to the '251 patent.

29. Under all the circumstances in this dispute, IV has, at a minimum, created a substantial, immediate, and real controversy between the parties as to the non-infringement of the '251 patent. A valid and justiciable controversy has arisen and exists between Plaintiff and IV within the meaning of 28 U.S.C. § 2201.

30. On information and belief, Plaintiff has not directly or indirectly infringed any valid and enforceable claims of the '251 patent, either literally or under the doctrine of equivalents.

31. A judicial declaration of non-infringement of the '251 patent is necessary and appropriate in order to resolve this controversy.

## SECOND COUNT

**(Declaratory Judgment of Invalidity of the '251 Patent)**

32. The allegations contained in paragraphs 1 through 31 are incorporated by reference as if fully set herein.

33. Under all the circumstances in this dispute, IV has, at a minimum, created a substantial, immediate, and real controversy between the parties as to the invalidity of the '251 patent. A valid and justiciable controversy has arisen and exists between Plaintiff and IV within the meaning of 28 U.S.C. § 2201.

5

34. On information and belief, the '251 patent is invalid because of its failure to comply with one or more of the requirements of the patent laws of the United States, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

35. A judicial declaration of invalidity of the '251 patent is necessary and appropriate in order to resolve this controversy.

### THIRD COUNT

**(Declaratory Judgment of Lack of Standing to Enforce the '251 Patent)**

36. The allegations contained in paragraphs 1 through 35 are incorporated by reference as if fully set herein.

37. IV claims to be the owner and assignee of all rights, title, and interest in and under the '251 patent.

38. On information and belief, IV has not shown that it has the right to bring an action to enforce the '251 patent.

39. Under all the circumstances in this dispute, IV has, at a minimum, created a substantial, immediate, and real controversy between the parties as to whether IV has standing to enforce the '251 patent. A valid and justiciable controversy has arisen and exists between Plaintiff and IV within the meaning of 28 U.S.C. § 2201.

40. A judicial declaration that IV lacks standing to enforce the '251 patent is necessary and appropriate in order to resolve this controversy.

### FOURTH COUNT

**(Declaratory Judgment of Non-Infringement of the '325 Patent)**

41. The allegations contained in paragraphs 1 through 40 are incorporated by reference as if fully set herein.

42. IV claims to be the owner and assignee of all rights, title, and interest in and under the '325 patent.

43. IV has accused Plaintiff of infringing the '325 patent through its manufacture, sale, use, and/or importation of certain integrated circuits, and has asserted that Plaintiff must take a

license to the '325 patent to lawfully continue the manufacture, sale, use, and/or importation of these integrated circuits.

44. Plaintiff has informed IV that Plaintiff contends that it has the right to engage in the manufacture, sale, use, and/or importation of these integrated circuits without a license to the '325 patent.

45. Under all the circumstances in this dispute, IV has, at a minimum, created a substantial, immediate, and real controversy between the parties as to the non-infringement of the '325 patent. A valid and justiciable controversy has arisen and exists between Plaintiff and IV within the meaning of 28 U.S.C. § 2201.

46. Upon information and belief, Plaintiff has not directly or indirectly infringed any valid and enforceable claims of the '325 patent, either literally or under the doctrine of equivalents.

47. A judicial declaration of non-infringement of the '325 patent is necessary and appropriate in order to resolve this controversy.

## FIFTH COUNT

### (Declaratory Judgment of Invalidity of the '325 Patent)

48. The allegations contained in paragraphs 1 through 47 are incorporated by reference as if fully set herein.

49. Under all the circumstances in this dispute, IV has, at a minimum, created a substantial, immediate, and real controversy between the parties as to the invalidity of the '325 patent. A valid and justiciable controversy has arisen and exists between Plaintiff and IV within the meaning of 28 U.S.C. § 2201.

50. Upon information and belief, the '325 patent is invalid because of its failure to comply with one or more of the requirements of the patent laws of the United States, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

51. A judicial declaration of invalidity of the '325 patent is necessary and appropriate in order to resolve this controversy.

## SIXTH COUNT

**(Declaratory Judgment of Lack of Standing to Enforce the '325 Patent)**

52. The allegations contained in paragraphs 1 through 51 are incorporated by reference as if fully set herein.

53. IV claims to be the owner and assignee of all rights, title, and interest in and under the '325 patent.

54. On information and belief, IV has not shown that it has the right to bring an action to enforce the '325 patent.

55. Under all the circumstances in this dispute, IV has, at a minimum, created a substantial, immediate, and real controversy between the parties as to whether IV has standing to enforce the '325 patent. A valid and justiciable controversy has arisen and exists between Plaintiff and IV within the meaning of 28 U.S.C. § 2201.

56. A judicial declaration that IV lacks standing to enforce the '325 patent is necessary and appropriate in order to resolve this controversy.

## SEVENTH COUNT

**(Declaratory Judgment of Non-Infringement of the '736 Patent)**

57. The allegations contained in paragraphs 1 through 56 are incorporated by reference as if fully set herein.

58. IV claims to be the owner and assignee of all rights, title, and interest in and under the '736 patent.

59. IV has accused Plaintiff of infringing the '736 patent through its manufacture, sale, use, and/or importation of certain integrated circuits, and has asserted that Plaintiff must take a license to the '736 patent to lawfully continue the manufacture, sale, use, and/or importation of these integrated circuits.

60. Plaintiff has informed IV that Plaintiff contends that it has the right to engage in the manufacture, sale, use, and/or importation of these integrated circuits without a license to the '736 patent.

61. Under all the circumstances in this dispute, IV has, at a minimum, created a substantial, immediate, and real controversy between the parties as to the non-infringement of the '736 patent. A valid and justiciable controversy has arisen and exists between Plaintiff and IV within the meaning of 28 U.S.C. § 2201.

62. On information and belief, Plaintiff has not directly or indirectly infringed any valid and enforceable claims of the '736 patent, either literally or under the doctrine of equivalents.

63. A judicial declaration of non-infringement of the '736 patent is necessary and appropriate in order to resolve this controversy.

## EIGHTH COUNT

### (Declaratory Judgment of Invalidity of the '736 Patent)

64. The allegations contained in paragraphs 1 through 63 are incorporated by reference as if fully set herein.

65. Under all the circumstances in this dispute, IV has, at a minimum, created a substantial, immediate, and real controversy between the parties as to the invalidity of the '736 patent. A valid and justiciable controversy has arisen and exists between Plaintiff and IV within the meaning of 28 U.S.C. § 2201.

66. On information and belief, the '736 patent is invalid because of its failure to comply with one or more of the requirements of the patent laws of the United States, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

67. A judicial declaration of invalidity of the '736 patent is necessary and appropriate in order to resolve this controversy.

## NINTH COUNT

### (Declaratory Judgment of Lack of Standing to Enforce the '736 Patent)

68. The allegations contained in paragraphs 1 through 67 are incorporated by reference as if fully set herein.

69. IV claims to be the owner and assignee of all rights, title, and interest in and under the '736 patent.

70. On information and belief, IV has not shown that it has the right to bring an action to enforce the '736 patent.

71. Under all the circumstances in this dispute, IV has, at a minimum, created a substantial, immediate, and real controversy between the parties as to whether IV has standing to enforce the '736 patent. A valid and justiciable controversy has arisen and exists between Plaintiff and IV within the meaning of 28 U.S.C. § 2201.

72. A judicial declaration that IV lacks standing to enforce the '736 patent is necessary and appropriate in order to resolve this controversy.

## TENTH COUNT
### (Declaratory Judgment of Non-Infringement of the '165 Patent)

73. The allegations contained in paragraphs 1 through 72 are incorporated by reference as if fully set herein.

74. IV claims to be the owner and assignee of all rights, title, and interest in and under the '165 patent.

75. IV has accused Plaintiff of infringing the '165 patent through its manufacture, sale, use, and/or importation of certain integrated circuits, and has asserted that Plaintiff must take a license to the '165 patent to lawfully continue the manufacture, sale, use, and/or importation of these integrated circuits.

76. Plaintiff has informed IV that Plaintiff contends that it has the right to engage in the manufacture, sale, use, and/or importation of these integrated circuits without a license to the '165 patent.

77. Under all the circumstances in this dispute, IV has, at a minimum, created a substantial, immediate, and real controversy between the parties as to the non-infringement of the '165 patent. A valid and justiciable controversy has arisen and exists between Plaintiff and IV within the meaning of 28 U.S.C. § 2201.

78. On information and belief, Plaintiff has not directly or indirectly infringed any valid and enforceable claims of the '165 patent, either literally or under the doctrine of equivalents.

79. A judicial declaration of non-infringement of the '165 patent is necessary and appropriate in order to resolve this controversy.

### ELEVENTH COUNT

**(Declaratory Judgment of Invalidity of the '165 Patent)**

80. The allegations contained in paragraphs 1 through 79 are incorporated by reference as if fully set herein.

81. Under all the circumstances in this dispute, IV has, at a minimum, created a substantial, immediate, and real controversy between the parties as to the invalidity of the '165 patent. A valid and justiciable controversy has arisen and exists between Plaintiff and IV within the meaning of 28 U.S.C. § 2201.

82. On information and belief, the '165 patent is invalid because of its failure to comply with one or more of the requirements of the patent laws of the United States, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

83. A judicial declaration of invalidity of the '165 patent is necessary and appropriate in order to resolve this controversy.

### TWELFTH COUNT

**(Declaratory Judgment of Lack of Standing to Enforce the '165 Patent)**

84. The allegations contained in paragraphs 1 through 83 are incorporated by reference as if fully set herein.

85. IV claims to be the owner and assignee of all rights, title, and interest in and under the '165 patent.

86. On information and belief, IV has not shown that it has the right to bring an action to enforce the '165 patent.

87. Under all the circumstances in this dispute, IV has, at a minimum, created a substantial, immediate, and real controversy between the parties as to whether IV has standing to enforce the '165 patent. A valid and justiciable controversy has arisen and exists between Plaintiff and IV within the meaning of 28 U.S.C. § 2201.

88. A judicial declaration that IV lacks standing to enforce the '165 patent is necessary and appropriate in order to resolve this controversy.

### THIRTEENTH COUNT

**(Declaratory Judgment of Non-Infringement of the '527 Patent)**

89. The allegations contained in paragraphs 1 through 88 are incorporated by reference as if fully set herein.

90. IV claims to be the owner and assignee of all rights, title, and interest in and under the '527 patent.

91. IV has accused Plaintiff of infringing the '527 patent through its manufacture, sale, use, and/or importation of certain integrated circuits, and has asserted that Plaintiff must take a license to the '527 patent to lawfully continue the manufacture, sale, use, and/or importation of these integrated circuits.

92. Plaintiff has informed IV that Plaintiff contends that it has the right to engage in the manufacture, sale, use, and/or importation of these integrated circuits without a license to the '527 patent.

93. Under all the circumstances in this dispute, IV has, at a minimum, created a substantial, immediate, and real controversy between the parties as to the non-infringement of the '527 patent. A valid and justiciable controversy has arisen and exists between Plaintiff and IV within the meaning of 28 U.S.C. § 2201.

94. Upon information and belief, Plaintiff has not directly or indirectly infringed any valid and enforceable claims of the '527 patent, either literally or under the doctrine of equivalents.

95. A judicial declaration of non-infringement of the '527 patent is necessary and appropriate in order to resolve this controversy.

### FOURTEENTH COUNT

**(Declaratory Judgment of Invalidity of the '527 Patent)**

96. The allegations contained in paragraphs 1 through 95 are incorporated by reference as if fully set herein.

12

97. Under all the circumstances in this dispute, IV has, at a minimum, created a substantial, immediate, and real controversy between the parties as to the invalidity of the '527 patent. A valid and justiciable controversy has arisen and exists between Plaintiff and IV within the meaning of 28 U.S.C. § 2201.

98. Upon information and belief, the '527 patent is invalid because of its failure to comply with one or more of the requirements of the patent laws of the United States, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

99. A judicial declaration of invalidity of the '527 patent is necessary and appropriate in order to resolve this controversy.

### FIFTEENTH COUNT

**(Declaratory Judgment of Lack of Standing to Enforce the '527 Patent)**

100. The allegations contained in paragraphs 1 through 99 are incorporated by reference as if fully set herein.

101. IV claims to be the owner and assignee of all rights, title, and interest in and under the '527 patent.

102. On information and belief, IV has not shown that it has the right to bring an action to enforce the '527 patent.

103. Under all the circumstances in this dispute, IV has, at a minimum, created a substantial, immediate, and real controversy between the parties as to whether IV has standing to enforce the '527 patent. A valid and justiciable controversy has arisen and exists between Plaintiff and IV within the meaning of 28 U.S.C. § 2201.

104. A judicial declaration that IV lacks standing to enforce the '527 patent is necessary and appropriate in order to resolve this controversy.

### SIXTEENTH COUNT

**(Declaratory Judgment of Non-Infringement of the '087 Patent)**

105. The allegations contained in paragraphs 1 through 104 are incorporated by reference as if fully set herein.

106. IV claims to be the owner and assignee of all rights, title, and interest in and under the '087 patent.

107. IV has accused Plaintiff of infringing the '087 patent through its manufacture, sale, use, and/or importation of certain integrated circuits, and has asserted that Plaintiff must take a license to the '087 patent to lawfully continue the manufacture, sale, use, and/or importation of these integrated circuits.

108. Plaintiff has informed IV that Plaintiff contends that it has the right to engage in the manufacture, sale, use, and/or importation of these integrated circuits without a license to the '087 patent.

109. Under all the circumstances in this dispute, IV has, at a minimum, created a substantial, immediate, and real controversy between the parties as to the non-infringement of the '087 patent. A valid and justiciable controversy has arisen and exists between Plaintiff and IV within the meaning of 28 U.S.C. § 2201.

110. Upon information and belief, Plaintiff has not directly or indirectly infringed any valid and enforceable claims of the '087 patent, either literally or under the doctrine of equivalents.

111. A judicial declaration of non-infringement of the '087 patent is necessary and appropriate in order to resolve this controversy.

### SEVENTEENTH COUNT

**(Declaratory Judgment of Invalidity of the '087 Patent)**

112. The allegations contained in paragraphs 1 through 111 are incorporated by reference as if fully set herein.

113. Under all the circumstances in this dispute, IV has, at a minimum, created a substantial, immediate, and real controversy between the parties as to the invalidity of the '087 patent. A valid and justiciable controversy has arisen and exists between Plaintiff and IV within the meaning of 28 U.S.C. § 2201.

114. Upon information and belief, the '087 patent is invalid because of its failure to comply with one or more of the requirements of the patent laws of the United States, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

115. A judicial declaration of invalidity of the '087 patent is necessary and appropriate in order to resolve this controversy.

### EIGHTEENTH COUNT

### (Declaratory Judgment of Lack of Standing to Enforce the '087 Patent)

116. The allegations contained in paragraphs 1 through 115 are incorporated by reference as if fully set herein.

117. IV claims to be the owner and assignee of all rights, title, and interest in and under the '087 patent.

118. On information and belief, IV has not shown that it has the right to bring an action to enforce the '087 patent.

119. Under all the circumstances in this dispute, IV has, at a minimum, created a substantial, immediate, and real controversy between the parties as to whether IV has standing to enforce the '087 patent. A valid and justiciable controversy has arisen and exists between Plaintiff and IV within the meaning of 28 U.S.C. § 2201.

120. A judicial declaration that IV lacks standing to enforce the '087 patent is necessary and appropriate in order to resolve this controversy.

### NINETEENTH COUNT

### (Declaratory Judgment of Non-Infringement of the '646 Patent)

121. The allegations contained in paragraphs 1 through 120 are incorporated by reference as if fully set herein.

122. IV claims to be the owner and assignee of all rights, title, and interest in and under the '646 patent.

123. IV has accused Plaintiff of infringing the '646 patent through its manufacture, sale, use, and/or importation of certain software products, and has asserted that Plaintiff must take a

license to the '646 patent to lawfully continue the manufacture, sale, use, and/or importation of these software products.

124. Plaintiff has informed IV that Plaintiff contends that it has the right to be engaged in the manufacture, sale, use, and/or importation of these software products without a license to the '646 patent.

125. Under all the circumstances in this dispute, IV has, at a minimum, created a substantial, immediate, and real controversy between the parties as to the non-infringement of the '646 patent. A valid and justiciable controversy has arisen and exists between Plaintiff and IV within the meaning of 28 U.S.C. § 2201.

126. Upon information and belief, Plaintiff has not directly or indirectly infringed any valid and enforceable claims of the '646 patent, either literally or under the doctrine of equivalents.

127. A judicial declaration of non-infringement of the '646 patent is necessary and appropriate in order to resolve this controversy.

## TWENTIETH COUNT

### (Declaratory Judgment of Invalidity of the '646 Patent)

128. The allegations contained in paragraphs 1 through 127 are incorporated by reference as if fully set herein.

129. Under all the circumstances in this dispute, IV has, at a minimum, created a substantial, immediate, and real controversy between the parties as to the invalidity of the '646 patent. A valid and justiciable controversy has arisen and exists between Plaintiff and IV within the meaning of 28 U.S.C. § 2201.

130. Upon information and belief, the '646 patent is invalid because of its failure to comply with one or more of the requirements of the patent laws of the United States, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

131. A judicial declaration of invalidity of the '646 patent is necessary and appropriate in order to resolve this controversy.