# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| XILINX, INC.,<br><br>               Plaintiff,<br><br>       v.<br><br>INTELLECTUAL VENTURES I LLC, and<br>INTELLECTUAL VENTURES II LLC,<br><br>              Defendants. | **Case No. 11-cv-666-LPS**<br><br><br>**<u>JURY TRIAL DEMANDED</u>** |

## <u>DEFENDANTS INTELLECTUAL VENTURES I LLC AND INTELLECTUAL VENTURES II LLC'S ANSWER TO XILINX'S COMPLAINT FOR DECLARATORY JUDGMENT</u>

On February 14, 2011, Plaintiff Xilinx, Inc. ("Xilinx") filed a Complaint For Declaratory Judgment ("Complaint") in Case No. 5:11-cv-00671 in the Northern District of California. On April 11, 2011, Defendants Invention Investment Fund I LP, Invention Investment Fund II LLC, Intellectual Ventures LLC, Intellectual Ventures Management LLC, Intellectual Ventures I LLC, and Intellectual Ventures II LLC (collectively, "California Defendants") filed a motion to dismiss the Complaint or, in the alternative, to sever and transfer to this District all claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669. California Defendants' motion also requested, *inter alia*, dismissal of Invention Investment Fund I LP, Invention Investment Fund II LLC, Intellectual Ventures LLC, and Intellectual Ventures Management LLC as parties to the action.

On July 27, 2011, the Court in the Northern District of California issued an order (the "July 27, 2011 Order") which, *inter alia*, severed and transferred claims raised in the Complaint pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District and dismissed Invention Investment Fund I LP, Invention Investment Fund II LLC, Intellectual Ventures LLC, and Intellectual Ventures Management LLC as parties. Accordingly, only those claims raised in the Complaint pertaining to United States Patent Nos. 5,687,325,

6,260,087, 6,272,646, and 6,993,669 are pending in this District under case caption 11-cv-666-LPS ("this Action").  The Order did not reach or rule upon California Defendants' motion to dismiss the transferred claims.

Subject to and without waiving any applicable defenses (previously asserted or otherwise), Defendants Intellectual Ventures I LLC and Intellectual Ventures II LLC (collectively, "Intellectual Ventures I and II") answer the Complaint as follows:

## NATURE OF THE ACTION

1.      Intellectual Ventures I and II admit that Xilinx purports to bring an action for declaratory judgment of patent non-infringement, invalidity, and unenforceability.  Intellectual Ventures I and II state that the July 27, 2011 Order severed and transferred claims raised in the Complaint pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District and dismissed Invention Investment Fund I LP, Invention Investment Fund II LLC, Intellectual Ventures LLC, and Intellectual Ventures Management LLC from this Action.  Intellectual Ventures I and II deny that any factual or legal basis exists for any of Xilinx's claims against Intellectual Ventures I and II in this Action, or that Xilinx is entitled to any relief whatsoever from Intellectual Ventures I and II or this Court.

## THE PARTIES

2.      On information and belief, Intellectual Ventures I and II admit the allegations in the first sentence of Complaint paragraph 2.  On information and belief, Intellectual Ventures I and II admit that Xilinx is a global semiconductor company that designs, develops, and markets programmable logic device technology.  Intellectual Ventures I and II deny any other or different allegations in Complaint paragraph 2.

3.      Intellectual Ventures I LLC admits that it is a Delaware limited liability company with its principal place of business located in Bellevue, Washington.  Intellectual Ventures II LLC admits that it is a Delaware limited liability company with its principal place of business located in Bellevue, Washington.  Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, Invention Investment Fund I LP, Invention Investment Fund II LLC, Intellectual

Ventures LLC, and Intellectual Ventures Management LLC have been dismissed from this Action and are not party to this Action, and on that basis no further answer to Complaint paragraph 3 is required.

4.      Intellectual Ventures I and II deny the allegations in the first sentence of Complaint paragraph 4.  Intellectual Ventures I and II admit that they are subject to personal jurisdiction in this Action.  Intellectual Ventures I and II admit that the Complaint collectively refers to defendants as "IV."   Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, Invention Investment Fund I LP, Invention Investment Fund II LLC, Intellectual Ventures LLC, and Intellectual Ventures Management LLC have been dismissed from this Action and are not party to this Action.  Intellectual Ventures I and II deny any other or different allegations in Complaint paragraph 4.

## JURISDICTION AND VENUE

5.      Intellectual Ventures I and II admit that Xilinx purports to bring an action for declaratory judgment under the Declaratory Judgment Act and the patent laws of the United States, but deny that any factual or legal basis exists for any of Xilinx's claims against Intellectual Ventures I and II in this Action, or that Xilinx is entitled to any relief whatsoever from Intellectual Ventures I and II or this Court.  Intellectual Ventures I and II deny the allegations in the second sentence of Complaint paragraph 5.

6.      Intellectual Ventures I and II state that this Court, in the District of Delaware, has personal jurisdiction over Intellectual Ventures I and II in this Action.  Intellectual Ventures I and II deny any other or different allegations in Complaint paragraph 6.

7.      Intellectual Ventures I and II state that venue is proper in the District of Delaware for this Action.  Intellectual Ventures I and II deny any other or different allegations in Complaint paragraph 7.

## INTRADISTRICT ASSIGNMENT

8.      Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United

States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and on that basis no answer to Complaint paragraph 8 is required.

## THE PATENTS-IN-SUIT

9.      Intellectual Ventures I and II admit the allegations of Complaint paragraph 9. Intellectual Ventures I and II further state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly United States Patent No. 5,524,251 is not a patent-in-suit in this Action.

10.     Intellectual Ventures I and II admit the allegations of Complaint paragraph 10.

11.     Intellectual Ventures I and II admit the allegations of Complaint paragraph 11. Intellectual Ventures I and II further state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly United States Patent No. 5,751,736 is not a patent-in-suit in this Action.

12.     Intellectual Ventures I and II admit the allegations of Complaint paragraph 12. Intellectual Ventures I and II further state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly United States Patent No. 5,887,165 is not a patent-in-suit in this Action.

13.     Intellectual Ventures I and II admit the allegations of Complaint paragraph 13. Intellectual Ventures I and II further state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly United States Patent No. 6,252,527 is not a patent-in-suit in this Action.

14.     Intellectual Ventures I and II admit the allegations of Complaint paragraph 14.

15.     Intellectual Ventures I and II admit the allegations of Complaint paragraph 15.

16.     Intellectual Ventures I and II admit the allegations of Complaint paragraph 16. Intellectual Ventures I and II further state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly United States Patent No. 6,321,331 is not a patent-in-suit in this Action.

17.     Intellectual Ventures I and II admit the allegations of Complaint paragraph 17. Intellectual Ventures I and II further state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly United States Patent No. 6,408,415 is not a patent-in-suit in this Action.

18.     Intellectual Ventures I and II admit the allegations of Complaint paragraph 18. Intellectual Ventures I and II further state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly United States Patent No. 6,687,865 is not a patent-in-suit in this Action.

19.     Intellectual Ventures I and II admit the allegations of Complaint paragraph 19. Intellectual Ventures I and II further state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred claims only those pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly United States Patent No. 6,698,001 is not a patent-in-suit in this Action.

20.     Intellectual Ventures I and II admit the allegations of Complaint paragraph 20. Intellectual Ventures I and II further state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly United States Patent No. 6,747,350 is not a patent-in-suit in this Action.

21.     Intellectual Ventures I and II admit the allegations of Complaint paragraph 21. Intellectual Ventures I and II further state that pursuant to the July 27, 2011 Order, the Northern

District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly United States Patent No. 6,252,6,768,497 is not a patent-in-suit in this Action.

     22.     Intellectual Ventures I and II admit the allegations of Complaint paragraph 22.

     23.     Intellectual Ventures I and II admit the allegations of Complaint paragraph 23. Intellectual Ventures I and II further state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly United States Patent No. 7,080,301 is not a patent-in-suit in this Action.

     24.     Intellectual Ventures I and II admit the allegations of Complaint paragraph 24. Intellectual Ventures I and II further state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly United States Patent No. 7,100,061 is not a patent-in-suit in this Action.

## FIRST COUNT

### (Declaratory Judgment of Non-Infringement of the '251 Patent)

     25.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 25 is required.

     26.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 26 is required.

     27.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United

States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 27 is required.

28.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 28 is required.

29.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 29 is required.

30.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 30 is required.

31.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 31 is required.

## SECOND COUNT

### (Declaratory Judgment of Invalidity of the '251 Patent)

32.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 32 is required.

33.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United

States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 33 is required.

34.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 34 is required.

35.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 35 is required.

## THIRD COUNT

### (Declaratory Judgment of Lack of Standing to Enforce the '251 Patent)

36.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 36 is required.

37.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 37 is required.

38.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 38 is required.

39.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United

States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 39 is required.

40.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 40 is required.

## FOURTH COUNT

### (Declaratory Judgment of Non-Infringement of the '325 Patent)

41.     The responses to the allegations contained in paragraphs 1 through 40 of this Answer are incorporated by reference as if fully set herein.

42.     Intellectual Ventures I and II admit that Intellectual Ventures II LLC is the owner of the '325 patent and has the right to enforce the '325 patent.  Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, Invention Investment Fund I LP, Invention Investment Fund II LLC, Intellectual Ventures LLC, and Intellectual Ventures Management LLC have been dismissed from this Action and are not party to this Action, and therefore no answer is required to the extent the allegations contained in Complaint paragraph 42 are directed to Invention Investment Fund I LP, Invention Investment Fund II LLC, Intellectual Ventures LLC, or Intellectual Ventures Management LLC.

43.     Intellectual Ventures I and II admit that Intellectual Ventures I and II contend that Xilinx is liable for the infringement of United States Patent No. 5,687,325 and that certain affiliates of Intellectual Ventures I and II approached Xilinx to discuss a license agreement. Intellectual Ventures I and II deny any other or different allegations contained in Complaint paragraph 43.

44.     Intellectual Ventures I and II deny the allegations contained in Complaint paragraph 44.

45.     Intellectual Ventures I and II deny the allegations contained in Complaint paragraph 45.

46.     Intellectual Ventures I and II deny the allegations contained in Complaint paragraph 46.

47.     Intellectual Ventures I and II deny the allegations contained in Complaint paragraph 47.

## FIFTH COUNT

### (Declaratory Judgment of Invalidity of the '325 Patent)

48.     The responses to the allegations contained in paragraphs 1 through 47 of this Answer are incorporated by reference as if fully set herein.

49.     Intellectual Ventures I and II deny the allegations contained in Complaint paragraph 49.

50.     Intellectual Ventures I and II deny the allegations contained in Complaint paragraph 50.

51.     Intellectual Ventures I and II deny the allegations contained in Complaint paragraph 51.

## SIXTH COUNT

### (Declaratory Judgment of Lack of Standing to Enforce the '325 Patent)

52.     The responses to the allegations contained in paragraphs 1 through 51 of this Answer are incorporated by reference as if fully set herein.

53.     Intellectual Ventures I and II admit that Intellectual Ventures II LLC is the owner of the '325 patent and has the right to enforce the '325 patent.  Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, Invention Investment Fund I LP, Invention Investment Fund II LLC, Intellectual Ventures LLC, and Intellectual Ventures Management LLC have been dismissed from this Action and are not party to this Action, and therefore no answer is required to the extent the allegations contained in Complaint paragraph 53 are directed to Invention Investment Fund I LP, Invention Investment Fund II LLC, Intellectual Ventures LLC, or Intellectual Ventures Management LLC.

54.     Intellectual Ventures I and II deny the allegations contained in Complaint paragraph 54.  Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, Invention Investment Fund I LP, Invention Investment Fund II LLC, Intellectual Ventures LLC, and Intellectual Ventures Management LLC have been dismissed from this Action and are not party to this Action, and therefore no answer is required to the extent the allegations contained in Complaint paragraph 54 are directed to Invention Investment Fund I LP, Invention Investment Fund II LLC, Intellectual Ventures LLC, or Intellectual Ventures Management LLC.

55.     Intellectual Ventures I and II deny the allegations contained in Complaint paragraph 55.

56.     Intellectual Ventures I and II deny the allegations contained in Complaint paragraph 56.

## SEVENTH COUNT

### (Declaratory Judgment of Non-Infringement of the '736 Patent)

57.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 57 is required.

58.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 58 is required.

59.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 59 is required.

60.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United

States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 60 is required.

61.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 61 is required.

62.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 62 is required.

63.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 63 is required.

## EIGHTH COUNT

### (Declaratory Judgment of Invalidity of the '736 Patent)

64.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 64 is required.

65.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 65 is required.

66.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United

States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 66 is required

67.    Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 67 is required.

**NINTH COUNT**

**(Declaratory Judgment of Lack of Standing to Enforce the '736 Patent)**

68.    Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 68 is required.

69.    Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 69 is required.

70.    Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 70 is required.

71.    Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 71 is required.

72.    Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United

States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 72 is required.

## TENTH COUNT

### (Declaratory Judgment of Non-Infringement of the '165 Patent)

73.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 73 is required.

74.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 74 is required.

75.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 75 is required.

76.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 76 is required.

77.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 77 is required.

78.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United

States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 78 is required.

79.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 79 is required.

## ELEVENTH COUNT

### (Declaratory Judgment of Invalidity of the '165 Patent)

80.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 80 is required.

81.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 81 is required.

82.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 82 is required.

83.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 83 is required.

## TWELFTH COUNT

### (Declaratory Judgment of Lack of Standing to Enforce the '165 Patent)

84.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 84 is required.

85.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 85 is required.

86.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 86 is required.

87.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 87 is required.

88.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 88 is required.

## THIRTEENTH COUNT

### (Declaratory Judgment of Non-Infringement of the '527 Patent)

89.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United

States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 89 is required.

90.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 90 is required.

91.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 91 is required.

92.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 92 is required.

93.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 93 is required.

94.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 94 is required.

95.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 95 is required.

## FOURTEENTH COUNT

### (Declaratory Judgment of Invalidity of the '527 Patent)

96.      Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 96 is required.

97.      Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 97 is required.

98.      Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 98 is required.

99.      Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 99 is required.

## FIFTEENTH COUNT

### (Declaratory Judgment of Lack of Standing to Enforce the '527 Patent)

100.      Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 100 is required.

101.      Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United

-18-

States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 101 is required.

102.    Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 102 is required.

103.    Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 103 is required.

104.    Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 104 is required.

## SIXTEENTH COUNT

### (Declaratory Judgment of Non-Infringement of the '087 Patent)

105.    The responses to the allegations contained in paragraphs 1 through 104 of this Answer are incorporated by reference as if fully set herein.

106.    Intellectual Ventures I and II admit that Intellectual Ventures II LLC is the owner of the '087 patent and has the right to enforce the '087 patent.  Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, Invention Investment Fund I LP, Invention Investment Fund II LLC, Intellectual Ventures LLC, and Intellectual Ventures Management LLC have been dismissed from this Action and are not party to this Action, and therefore no answer is required to the extent the allegations contained in Complaint paragraph 106 are directed to Invention Investment Fund I LP, Invention Investment Fund II LLC, Intellectual Ventures LLC, or Intellectual Ventures Management LLC.

107.    Intellectual Ventures I and II admit that Intellectual Ventures I and II contend that Xilinx is liable for the infringement of United States Patent No. 6,260,087 and that certain affiliates of Intellectual Ventures I and II approached Xilinx to discuss a license agreement. Intellectual Ventures I and II deny any other or different allegations contained in Complaint paragraph 107.

108.    Intellectual Ventures I and II deny the allegations contained in Complaint paragraph 108.

109.    Intellectual Ventures I and II deny the allegations contained in Complaint paragraph 109.

110.    Intellectual Ventures I and II deny the allegations contained in Complaint paragraph 110.

111.    Intellectual Ventures I and II deny the allegations contained in Complaint paragraph 111.

## SEVENTEENTH COUNT

### (Declaratory Judgment of Invalidity of the '087 Patent)

112.    The responses to the allegations contained in paragraphs 1 through 111 of this Answer are incorporated by reference as if fully set herein.

113.    Intellectual Ventures I and II deny the allegations contained in Complaint paragraph 113.

114.    Intellectual Ventures I and II deny the allegations contained in Complaint paragraph 114.

115.    Intellectual Ventures I and II deny the allegations contained in Complaint paragraph 115.

## EIGHTEENTH COUNT

### (Declaratory Judgment of Lack of Standing to Enforce the '087 Patent)

116.    The responses to the allegations contained in paragraphs 1 through 115 of this Answer are incorporated by reference as if fully set herein.

117.    Intellectual Ventures I and II admit that Intellectual Ventures II LLC is the owner of the '087 patent and has the right to enforce the '087 patent.  Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, Invention Investment Fund I LP, Invention Investment Fund II LLC, Intellectual Ventures LLC, and Intellectual Ventures Management LLC have been dismissed from this Action and are not party to this Action, and therefore no answer is required to the extent the allegations contained in Complaint paragraph 117 are directed to Invention Investment Fund I LP, Invention Investment Fund II LLC, Intellectual Ventures LLC, or Intellectual Ventures Management LLC.

118.    Intellectual Ventures I and II deny the allegations contained in Complaint paragraph 118.  Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, Invention Investment Fund I LP, Invention Investment Fund II LLC, Intellectual Ventures LLC, and Intellectual Ventures Management LLC have been dismissed from this Action and are not party to this Action, and therefore no answer is required to the extent the allegations contained in Complaint paragraph 118 are directed to Invention Investment Fund I LP, Invention Investment Fund II LLC, Intellectual Ventures LLC, or Intellectual Ventures Management LLC.

119.    Intellectual Ventures I and II deny the allegations contained in Complaint paragraph 119.

120.    Intellectual Ventures I and II deny the allegations contained in Complaint paragraph 120.

## NINETEENTH COUNT

### (Declaratory Judgment of Non-Infringement of the '646 Patent)

121.    The responses to the allegations contained in paragraphs 1 through 120 of this Answer are incorporated by reference as if fully set herein.

122.    Intellectual Ventures I and II admit that Intellectual Ventures II LLC is the owner of the '646 patent and has the right to enforce the '646 patent.  Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, Invention Investment Fund I LP, Invention Investment Fund II LLC, Intellectual Ventures LLC, and Intellectual Ventures Management LLC have been

dismissed from this Action and are not party to this Action, and therefore no answer is required to the extent the allegations contained in Complaint paragraph 122 are directed to Invention Investment Fund I LP, Invention Investment Fund II LLC, Intellectual Ventures LLC, or Intellectual Ventures Management LLC.

123.    Intellectual Ventures I and II deny the allegations contained in Complaint paragraph 123.

124.    Intellectual Ventures I and II deny the allegations contained in Complaint paragraph 124.

125.    Intellectual Ventures I and II deny the allegations contained in Complaint paragraph 125.

126.    Intellectual Ventures I and II deny the allegations contained in Complaint paragraph 126.

127.    Intellectual Ventures I and II deny the allegations contained in Complaint paragraph 127.

## TWENTIETH COUNT

### (Declaratory Judgment of Invalidity of the '646 Patent)

128.    The responses to the allegations contained in paragraphs 1 through 127 of this Answer are incorporated by reference as if fully set herein.

129.    Intellectual Ventures I and II deny the allegations contained in Complaint paragraph 129.

130.    Intellectual Ventures I and II deny the allegations contained in Complaint paragraph 130.

131.    Intellectual Ventures I and II deny the allegations contained in Complaint paragraph 131.

## TWENTY-FIRST COUNT

### (Declaratory Judgment of Lack of Standing to Enforce the '646 Patent)

132.    The responses to the allegations contained in paragraphs 1 through 131 of this Answer are incorporated by reference as if fully set herein.

133.    Intellectual Ventures I and II admit that Intellectual Ventures II LLC is the owner of the '646 patent and has the right to enforce the '646 patent.  Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, Invention Investment Fund I LP, Invention Investment Fund II LLC, Intellectual Ventures LLC, and Intellectual Ventures Management LLC have been dismissed from this Action and are not party to this Action, and therefore no answer is required to the extent the allegations contained in Complaint paragraph 133 are directed to Invention Investment Fund I LP, Invention Investment Fund II LLC, Intellectual Ventures LLC, or Intellectual Ventures Management LLC.

134.    Intellectual Ventures I and II deny the allegations contained in Complaint paragraph 134.  Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, Invention Investment Fund I LP, Invention Investment Fund II LLC, Intellectual Ventures LLC, and Intellectual Ventures Management LLC have been dismissed from this Action and are not party to this Action, and therefore no answer is required to the extent the allegations contained in Complaint paragraph 134 are directed to Invention Investment Fund I LP, Invention Investment Fund II LLC, Intellectual Ventures LLC, or Intellectual Ventures Management LLC.

135.    Intellectual Ventures I and II deny the allegations contained in Complaint paragraph 135.

136.    Intellectual Ventures I and II deny the allegations contained in Complaint paragraph 136.

## TWENTY-SECOND COUNT

### (Declaratory Judgment of Non-Infringement of the '331 Patent)

137.    Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United

States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 137 is required.

138.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 138 is required.

139.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 139 is required

140.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 140 is required.

141.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 141 is required.

142.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 142 is required.

143.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 143 is required.

**TWENTY-THIRD COUNT**

**(Declaratory Judgment of Invalidity of the '331 Patent)**

144.    Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 144 is required.

145.    Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 145 is required.

146.    Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 146 is required.

147.    Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 147 is required.

## TWENTY-FOURTH COUNT

**(Declaratory Judgment of Lack of Standing to Enforce the '331 Patent)**

148.    Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 148 is required.

149.    Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 149 is required.

150.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 150 is required.

151.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 151 is required.

152.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 152 is required.

## TWENTY-FIFTH COUNT

### (Declaratory Judgment of Non-Infringement of the '415 Patent)

153.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 153 is required.

154.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 154 is required.

155.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 155 is required.

156.    Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 156 is required.

157.    Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 157 is required.

158.    Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 158 is required.

159.    Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 159 is required.

## TWENTY-SIXTH COUNT

### (Declaratory Judgment of Invalidity of the '415 Patent)

160.    Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 160 is required.

161.    Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 161 is required.

162.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 162 is required.

163.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 163 is required.

## TWENTY-SEVENTH COUNT

### (Declaratory Judgment of Lack of Standing to Enforce the '415 Patent)

164.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 164 is required.

165.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 165 is required.

166.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph is 166 is required.

167.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 167 is required.

168.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 168 is required.

## TWENTY-EIGHTH COUNT

### (Declaratory Judgment of Non-Infringement of the '865 Patent)

169.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 169 is required.

170.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 170 is required.

171.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 171 is required.

172.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 172 is required.

173.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 173 is required.

174.    Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 174 is required.

175.    Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 175 is required.

## TWENTY-NINTH COUNT

### (Declaratory Judgment of Invalidity of the '865 Patent)

176.    Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 176 is required.

177.    Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 177 is required.

178.    Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 178 is required.

179.    Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 179 is required.

## THIRTIETH COUNT

### (Declaratory Judgment of Non-Infringement of the '001 Patent)

180.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 180 is required.

181.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 181 is required.

182.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 182 is required.

183.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 183 is required.

184.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 184 is required.

185.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 185 is required.

186.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 186 is required.

## THIRTY-FIRST COUNT

### (Declaratory Judgment of Invalidity of the '001 Patent)

187.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 187 is required.

188.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 188 is required.

189.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 189 is required.

190.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 190 is required.

## THIRTY-SECOND COUNT

### (Declaratory Judgment of Lack of Standing to Enforce the '001 Patent)

191.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United

States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 191 is required.

192.    Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 192 is required.

193.    Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 193 is required.

194.    Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 194 is required.

195.    Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 195 is required.

### THIRTY-THIRD COUNT

**(Declaratory Judgment of Non-Infringement of the '350 Patent)**

196.    Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 196 is required.

197.    Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United

States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 197 is required.

198.    Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 198 is required.

199.    Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 199 is required.

200.    Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 200 is required.

201.    Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 201 is required.

202.    Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 202 is required.

## THIRTY-FOURTH COUNT

### (Declaratory Judgment of Invalidity of the '350 Patent)

203.    Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United

States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 203 is required.

204.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 204 is required.

205.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 205 is required.

206.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 206 is required.

## THIRTY-FIFTH COUNT

### (Declaratory Judgment of Lack of Standing to Enforce the '350 Patent)

207.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 207 is required.

208.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 208 is required.

209.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United

States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 209 is required.

210.    Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 210 is required.

211.    Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 211 is required.

## THIRTY-SIXTH COUNT

### (Declaratory Judgment of Non-Infringement of the '497 Patent)

212.    Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 212 is required.

213.    Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 213 is required.

214.    Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 214 is required.

215.    Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United

States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 215 is required.

216.    Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 216 is required.

217.    Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 217 is required.

218.    Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 218 is required.

## THIRTY-SEVENTH COUNT

### (Declaratory Judgment of Invalidity of the '497 Patent)

219.    Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 219 is required.

220.    Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 220 is required.

221.    Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United

States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 221 is required.

222.   Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 222 is required.

## THIRTY-EIGHTH COUNT

### (Declaratory Judgment of Lack of Standing to Enforce the '497 Patent)

223.   Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 223 is required.

224.   Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 224 is required.

225.   Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 225 is required.

226.   Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 226 is required.

227.   Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United

States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 227 is required.

## THIRTY-NINTH COUNT

### (Declaratory Judgment of Non-Infringement of the '669 Patent)

228.    The responses to the allegations contained in paragraphs 1 through 227 of this Answer are incorporated by reference as if fully set herein.

229.    Intellectual Ventures I and II admit that Intellectual Ventures I LLC is the owner of the '669 patent and has the right to enforce the '669 patent.  Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, Invention Investment Fund I LP, Invention Investment Fund II LLC, Intellectual Ventures LLC, and Intellectual Ventures Management LLC have been dismissed from this Action and are not party to this Action, and therefore no answer is required to the extent the allegations contained in Complaint paragraph 229 are directed to Invention Investment Fund I LP, Invention Investment Fund II LLC, Intellectual Ventures LLC, or Intellectual Ventures Management LLC.

230.    Intellectual Ventures I and II admit that Intellectual Ventures I and II contend that Xilinx is liable for the infringement of United States Patent No. 6,993,669 and that certain affiliates of Intellectual Ventures I and II approached Xilinx to discuss a license agreement. Intellectual Ventures I and II deny any other or different allegations contained in Complaint paragraph 230.

231.    Intellectual Ventures I and II deny the allegations contained in Complaint paragraph 231.

232.    Intellectual Ventures I and II deny the allegations contained in Complaint paragraph 232.

233.    Intellectual Ventures I and II deny the allegations contained in Complaint paragraph 233.

234.    Intellectual Ventures I and II deny the allegations contained in Complaint paragraph 234.

## FORTIETH COUNT

### (Declaratory Judgment of Invalidity of the '669 Patent)

235.    The responses to the allegations contained in paragraphs 1 through 234 of this Answer are incorporated by reference as if fully set herein.

236.    Intellectual Ventures I and II deny the allegations contained in Complaint paragraph 236.

237.    Intellectual Ventures I and II deny the allegations contained in Complaint paragraph 237.

238.    Intellectual Ventures I and II deny the allegations contained in Complaint paragraph 238.

## FORTY-FIRST COUNT

### (Declaratory Judgment of Lack of Standing to Enforce the '669 Patent)

239.    The responses to the allegations contained in paragraphs 1 through 238 of this Answer are incorporated by reference as if fully set herein.

240.    Intellectual Ventures I and II admit that Intellectual Ventures I LLC is the owner of the '669 patent and has the right to enforce the '669 patent.  Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, Invention Investment Fund I LP, Invention Investment Fund II LLC, Intellectual Ventures LLC, and Intellectual Ventures Management LLC have been dismissed from this Action and are not party to this Action, and therefore no answer is required to the extent the allegations contained in Complaint paragraph 240 are directed to Invention Investment Fund I LP, Invention Investment Fund II LLC, Intellectual Ventures LLC, or Intellectual Ventures Management LLC.

241.    Intellectual Ventures I and II deny the allegations contained in Complaint paragraph 241.  Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, Invention Investment Fund I LP, Invention Investment Fund II LLC, Intellectual Ventures LLC, and Intellectual Ventures Management LLC have been dismissed from this Action and are not party to this Action, and therefore no answer is required to the extent the allegations contained in

Complaint paragraph 241 are directed to Invention Investment Fund I LP, Invention Investment Fund II LLC, Intellectual Ventures LLC, or Intellectual Ventures Management LLC..

242.    Intellectual Ventures I and II deny the allegations contained in Complaint paragraph 242.

243.    Intellectual Ventures I and II deny the allegations contained in Complaint paragraph 243.

## FORTY-SECOND COUNT

### (Declaratory Judgment of Non-Infringement of the '301 Patent)

244.    Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph is 244 is required.

245.    Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 245 is required.

246.    Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 246 is required.

247.    Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 247 is required.

248.    Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United

States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 248 is required.

249.    Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 249 is required.

250.    Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 250 is required.

## FORTY-THIRD COUNT

### (Declaratory Judgment of Invalidity of the '301 Patent)

251.    Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 251 is required.

252.    Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 252 is required.

253.    Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 253 is required.

254.    Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United

States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 254 is required.

## FORTY-FOURTH COUNT

### (Declaratory Judgment of Non-Infringement of the '061 Patent)

255.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 255 is required.

256.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 256 is required.

257.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 257 is required.

258.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 258 is required.

259.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 259 is required.

260.     Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United

States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 260 is required.

261.    Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 261 is required.

## FORTY-FIFTH COUNT

### (Declaratory Judgment of Invalidity of the '061 Patent)

262.    Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 262 is required.

263.    Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 263 is required.

264.    Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 264 is required.

265.    Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 265 is required.

## FORTY-SIXTH COUNT

### (Declaratory Judgment of Lack of Standing to Enforce the '061 Patent)

266.    Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 266 is required.

267.    Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 267 is required.

268.    Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 268 is required.

269.    Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 269 is required.

270.    Intellectual Ventures I and II state that pursuant to the July 27, 2011 Order, the Northern District of California severed and transferred only those claims pertaining to United States Patent Nos. 5,687,325, 6,260,087, 6,272,646, and 6,993,669 to this District, and accordingly no answer to Complaint paragraph 270 is required.

## PRAYER FOR RELIEF

Intellectual Ventures I and II deny that Xilinx is entitled to any relief, either as prayed for in its Complaint or otherwise.

## GENERAL DENIAL

Intellectual Ventures I and II deny each and every allegation contained in the Complaint to which Intellectual Ventures I and II have not specifically admitted, denied, or otherwise responded to herein.

## AFFIRMATIVE DEFENSES

Subject to and without waiver of their defenses (including, without limitation, California Defendants' defenses to dismiss claims not considered in the July 27, 2011 Order), Intellectual Ventures I and II assert the following defenses in response to the allegations of Xilinx's Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.

### First Defense – Failure to State a Claim

Xilinx has failed to state a claim upon which relief may be granted.

## COUNTERCLAIMS

For their Counterclaims, Intellectual Ventures I and II allege against Xilinx:

### Parties

1.      Intellectual Ventures I is a Delaware limited liability company with its principal place of business located in Bellevue, Washington.

2.      Intellectual Ventures II is a Delaware limited liability company with its principal place of business located in Bellevue, Washington.

3.      On information and belief, Plaintiff/Counterclaim-Defendant Xilinx, Inc. ("Xilinx") is a Delaware corporation having a principal place of business at 2100 Logic Drive, San Jose, California 95124.  Xilinx may be served with process by serving its registered agent, the Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

## Nature of the Action

4.        These Counterclaims are raised for the infringement of United States Patent No. 6,993,669 ("the '669 Patent"); United States Patent No. 5,687,325 ("the '325 Patent"); United States Patent No. 6,260,087 ("the '087 Patent"); and United States Patent No. 6,272,646 ("the '646 Patent") (collectively, "the Patents-in-Suit") under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*

## Jurisdiction and Venue

5.        This Court has jurisdiction over the subject matter of these Counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a) because these Counterclaims arise under the patent laws of the United States, including 35 U.S.C. § 271 *et seq*.

6.        This Court has personal jurisdiction over Xilinx because Xilinx has committed acts of infringement in violation of 35 U.S.C. § 271 and has placed infringing products into the stream of commerce with the knowledge and/or understanding that such products are used and sold in this District.  These acts cause injury to Intellectual Ventures I and II within the District. On information and belief, Xilinx derives substantial revenue from the sale of infringing products distributed within the District, and/or expects or should reasonably expect its actions to have consequences within the District, and derives substantial revenue from interstate and international commerce.  In addition, Xilinx knowingly induced, and continues to knowingly induce, infringement within this State and within this District by contracting with others to market and sell infringing products with the knowledge and intent to facilitate infringing sales of the products by others within this District and by creating and/or disseminating data sheets and other instruction materials for the products with like mind and intent.

7.        Venue is proper in this judicial district as to Xilinx pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## The Patents-in-Suit

8.        Paragraphs 1-7 of these Counterclaims are reincorporated by reference as if fully set forth herein.

9.     On January 31, 2006, the '669 Patent, titled "Low Power Clocking Systems and Methods," was duly and lawfully issued by the PTO.

10.     Intellectual Ventures I owns the '669 Patent and holds the right to sue and recover damages for infringement thereof, including past infringement.

11.     On November 11, 1997, the '325 Patent, titled "Application Specific Field Programmable Gate Array," was duly and lawfully issued by the PTO.

12.     Intellectual Ventures II owns the '325 Patent and holds the right to sue and recover damages for infringement thereof, including past infringement.

13.     On July 10, 2001, the '087 Patent, titled "Embedded Configurable Logic ASIC," was duly and lawfully issued by the PTO.

14.     Intellectual Ventures II owns the '087 Patent and holds the right to sue and recover damages for infringement thereof, including past infringement.

15.     On August 7, 2001, the '646 Patent, titled "Programmable Logic Having an Integrated Phase Lock Loop," was duly and lawfully issued by the PTO.

16.     Intellectual Ventures II owns the '646 Patent and holds the right to sue and recover damages for infringement thereof, including past infringement.

## Count I—Patent Infringement

17.     Paragraphs 1-16 of these Counterclaims are incorporated by reference as if fully restated herein.

18.     Xilinx, either alone or in conjunction with others, has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '669, '325, '087 and '646 Patents by making, using, offering to sell, selling and/or importing in or into the United States programmable logic devices (including but not limited to Virtex and Spartan devices) without authority and in violation of 35 U.S.C. § 271.

19.     Upon information and belief, Xilinx has been aware of the '669, '325, '087 and '646 Patents at all relevant times.

-48-

20.     Xilinx has actively induced, and continues to induce, the infringement of one or more claims of the '669, '325, '087 and '646 Patents at least by actively inducing the use of infringing programmable logic devices by Xilinx's customers in the United States, including but not limited to Virtex and Spartan products.  Xilinx knew or should have known that their conduct would induce others to use its programmable logic devices in a manner that infringes the '669, '325, '087 and '646 Patents.

21.     Upon information and belief, Xilinx has willfully infringed the '669, '325, '087 and '646 Patents.

22.     Intellectual Ventures I has suffered damage as a result of Xilinx's willful infringement of the '669 Patent.

23.     Intellectual Ventures II has suffered damage as a result of Xilinx's willful infringement of the '325, '087 and '646 Patents.

**Prayer For Relief**

WHEREFORE, Intellectual Ventures I and II respectfully request the following relief:

a)     A judgment that Xilinx has infringed the '669 Patent;

b)     A judgment that Xilinx has infringed the '325 Patent;

c)     A judgment that Xilinx has infringed the '087 Patent;

d)     A judgment that Xilinx has infringed the '646 Patent;

e)     A judgment that Intellectual Ventures I be awarded damages adequate to compensate Intellectual Ventures I for Xilinx's past infringement and any continuing or future infringement of the '669 Patent up until the date such judgment is entered, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary, to adequately compensate Intellectual Ventures I for Xilinx's infringement, an accounting:

   a. that Xilinx's infringement of the '669 Patent has been willful and trebling all damages awarded to Intellectual Ventures I for such infringement pursuant to 35 U.S.C. § 284;

     b.   that this case is exceptional under 35 U.S.C. § 285;

     c.   that Intellectual Ventures I be awarded the attorney fees, costs, and expenses that they incur in prosecuting this action; and

     d.   that Intellectual Ventures I be awarded such further relief at law or in equity as the Court deems just and proper.

    f)     A judgment that Intellectual Ventures II be awarded damages adequate to compensate Intellectual Ventures II for Xilinx's past infringement and any continuing or future infringement of the '325 Patent, the '087 Patent and the '646 Patent up until the date such judgment is entered, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary, to adequately compensate Intellectual Ventures II for Xilinx's infringement, an accounting:

     a.   that Xilinx's infringement of the '325, '087 and '646 Patents has been willful and trebling all damages awarded to Intellectual Ventures II for such infringement pursuant to 35 U.S.C. § 284;

     b.   that this case is exceptional under 35 U.S.C. § 285;

     c.   that Intellectual Ventures II be awarded the attorney fees, costs, and expenses that they incur in prosecuting this action; and

     d.   that Intellectual Ventures II be awarded such further relief at law or in equity as the Court deems just and proper.

## **JURY DEMAND**

Intellectual Ventures I and II hereby demand a trial by jury on all issues properly triable before a jury.

Date:  August 25, 2011

Respectfully submitted,

/s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)
Farnan LLP
919 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
(302) 777-0301
bfarnan@farnanlaw.com

*Counsel for Defendants Intellectual Ventures I
LLC and Intellectual Ventures II LLC*

Of Counsel:

John M. Desmarais (admitted pro hac vice)
Michael P. Stadnick (admitted pro hac vice)
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
(212) 351-3400
(212) 351-3401
jdesmarais@desmaraisllp.com
mstadnick@desmaraisllp.com